UNITED STATES of America,
Plaintiff–Appellee,

v.

Jesus PASQUALE, Defendant–Appellant.

No. 93–2144.

United States Court of Appeals,
Tenth Circuit.

June 2, 1994.

Michael G. Katz, Federal Public Defender, and Jenine Jensen, Asst. Federal Public Defender, Denver, CO, for appellant.

John J. Kelly, U.S. Atty., and Rhonda P. Backinoff, Asst. U.S. Atty., Albuquerque, NM, for appellee.

Before MOORE, STEPHEN H. ANDERSON, and KELLY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Jesus Pasquale appeals his jury conviction for possessing cocaine with intent to distribute and for conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends that (1) he was denied his statutory rights under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, and (2) he was denied a fair trial because a witness referred to his withdrawn guilty plea. Because we reverse and remand for violation of the Speedy Trial Act, we do not address the evidentiary issue.

## · BACKGROUND

In November, 1991, Drug Enforcement Administration (DEA) agents in Albuquerque, New Mexico, arrested Gary Glembotski for transporting ten kilograms of cocaine on a cross-country Amtrak train. In exchange for leniency in his sentencing, Glembotski agreed to cooperate by completing his intended delivery to Jesus Pasquale. Accompanying Glembotski to New York City's Pennsylvania Station, officers observed the prearranged meeting and watched Glembotski hand over the suitcase containing cocaine, along with the key to the suitcase, to Pasquale. The officers then followed the two men to Pasquale's rental car where they arrested Mr. Pasquale and read him his Miranda rights in Spanish. When Pasquale refused to

open the suitcase, the officers took the key from his key chain, opened the suitcase, and showed him the cocaine. Thus confronted, Pasquale said, "You got me, there is nothing I can do," although he refused to assist in any further delivery because of concerns for his family. Mr. Pasquale and Mr. Glembotski were returned to New Mexico where they were indicted on federal drug offenses.

Mr. Pasquale entered a guilty plea under an agreement which provided for a two level reduction in his offense level for acceptance of responsibility. However, his persistent claim that he had been misled by Glembotski prevented him from actually getting the reduction, and at the sentencing hearing on September 18, 1992, he withdrew his plea and requested the appointment of a federal attorney. Because Glembotski had been represented by the Federal Public Defender's Office, a conflict prevented that office from representing Mr. Pasquale. Therefore, the district judge referred the matter to the magistrate judge for appointment of an attorney under the Criminal Justice Act.

On October 6, 1992, the court set the trial date for November 30, the clerk's office contacted an attorney who agreed to represent Mr. Pasquale, and the clerk sent notices to government and new defense counsel. On November 20, defense counsel picked up the court file, and the paperwork appointing him was officially entered at that time.

On November 24, defense counsel moved for a continuance of the trial, specifically requesting a date in January. R.Vol. I, Tab 87. His motion stated that he needed more time to prepare adequately, that Mr. Pasquale had urged him to seek whatever delays were necessary, and that the government did not oppose the motion. A minute order entered on the same date granted his motion, ordered the trial rescheduled, and reassigned the case to another judge. *Id.* at Tab 86. On December 1, the trial was rescheduled for December 14. *Id.* at Tab 88.

On December 2, the new judge entered a second minute order, vacating the December 14 date because of defense counsel's specific request for a trial date in January. *Id.* at Tab 89. The trial was rescheduled for January 25, 1993. *Id.* at Tab 90.

On January 15, defense counsel moved to dismiss for violation of the Speedy Trial Act. *Id.* at Tab 91. The district court denied the motion and entered a nunc pro tunc order with specific reasons for excluding the delays. *Id.* at Tab 94.

## DISCUSSION

■ We review the application of the legal standards of the Speedy Trial Act ("Act") de novo, and we review the district court's factual findings for clear error. *United States v. Davis,* 1 F.3d 1014, 1017–18 (10th Cir.1993).

■ Under 18 U.S.C. § 3161(c)(1), trials must commence within seventy days from the filing date of the indictment, excluding the delays covered by section 3161(h). When trial is delayed because a previously entered guilty plea is withdrawn, § 3161(i) of the Act provides that a defendant "shall be deemed indicted" on the day that an order permitting withdrawal becomes final. In Mr. Pasquale's case, this date was September 18, 1992. Mr. Pasquale contends that his trial should have begun by December 1, and that the district court erred in excluding the sixty-three day delay between September 18, the date he requested new appointed counsel, and November 20, the date the document appointing his new attorney was entered in the file.[1]

■ Section 3161(h)(1) excludes delays resulting from other proceedings concerning the defendant.[2] Subsection (F) excludes the delay resulting from any pretrial motion, from the filing through hearing or prompt disposition. Oral motions can toll the Act. *United States v. Louis,* 814 F.2d 852, 857 (2nd Cir.1987). For motions that require hearings, the delay need not be reasonably necessary. *Henderson v. United States,* 476 U.S. 321, 330, 106 S.Ct. 1871, 1876–77, 90 L.Ed.2d 299 (1986). However, since there

---

1. This document was not included in the record.

2. The district court's nunc pro tunc order excludes the sixty-three days "under 18 U.S.C.

§ 3161(h)(8)(B) and 18 U.S.C. § 3161(h)(8)(1) (sic) as a 'proceeding' initiated by the defendant's request." R.Vol. I, Tab 94 at 3.

was no hearing on Pasquale's motion for new counsel, the governing provision is § 3161(h)(1)(J) which excludes "delay reasonably attributable to any period *not to exceed thirty days,* during which any proceeding ... is *actually under advisement...."* 18 U.S.C. § 3161(h)(1)(J) (emphasis added). "The phrase 'prompt disposition' was intended to prevent a district court from using subsection (F) to exclude time after a motion is taken under advisement when that time fails to qualify for exclusion under subsection (J)." *Henderson,* 476 U.S. at 329, 106 S.Ct. at 1876.

■ The defendant has the burden of proof of supporting a motion to dismiss for violation of the Speedy Trial Act. 18 U.S.C. § 3162(a)(2). Most of Mr. Pasquale's contentions are unsupported and without merit. His argument that his fourth request regarding representation is not a specified exclusion under § 3161(h)(1) ignores the Act's plain language, which excludes delays resulting from motions or proceedings concerning the defendant. *Cf. United States v. Willie,* 941 F.2d 1384, 1387–88 (10th Cir.1991) (motion to proceed pro se included in tolling motions), *cert. denied,* —— U.S. ——, 112 S.Ct. 1200, 117 L.Ed.2d 440 (1992). His argument that his request was disposed of when he made it contradicts the record. At the time he withdrew his guilty plea, he had already requested and effected the termination of two appointed attorneys and was then represented by a third, whom he had hired privately. Thus, it was necessary to ascertain whether he qualified for a court appointed attorney, and the conflict with the Federal Defenders Office, which had represented Glembotski, prevented the court from summarily appointing that office. We therefore conclude that the court's referral to the magistrate "to look into it and appoint an attorney," R.Vol. VII

at 18, deferred the matter for later disposition or advisement.

■ On October 6, 1992, the court clerk called defense counsel Reber Boult and asked him to represent Mr. Pasquale. R.Vol. I, Tab 87. At that time, Mr. Boult agreed to represent Mr. Pasquale. R.Vol. I, Tab 94. That same day, the court set trial for November 30, 1992, and the clerk sent a notice to Mr. Boult as the specified attorney for Mr. Pasquale. R.Vol. I, Tab 84. When it sent the notice of trial setting to Mr. Boult, the court treated the appointment as effective.[3] Therefore, on October 6, 1992, the period of actual advisement appears to have been completed, with the subsequent entry of the formal appointment being ministerial only. The district court found that the delay in formalizing the appointment was reasonable. R.Vol. I, Tab 94. However, even if the entire delay were reasonable, 18 U.S.C. § 3161(h)(1)(F) and (J) limit the permissible exclusion to the period from September 18 through October 6, as that was the date of prompt disposition or the end of the period of actual advisement.

■ Mr. Pasquale also complains that the delay due to the continuance, from November 24 to January 25, was improperly excluded. Appellant's Br. at 15 n. 5.[4] Mr. Pasquale asks us to direct the district court to reconsider this exclusion on remand. Since this exclusion involves the application of the Act's legal standards, we review de novo.

Section 3161(h)(8)(A) provides that no delays resulting from periods of continuances shall be excludable "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Although we have recognized that

---

**3.** Mr. Boult's motion for a continuance indicates that he anticipated that the court would send him the file and his official appointment. R.Vol. I, Tab 87. Nonetheless, Mr. Boult also seems to have treated the October 6, 1992, contact as establishing his representation, since he made several inquiries about the case and interviewed Mr. Pasquale before obtaining the written document. *Id.*

**4.** Mr. Pasquale complains that the belated formal appointment deprived his counsel of the mandatory thirty-day preparation time, and that the continuance was necessitated through no fault of his. We reject this argument, having previously concluded that the formal documentation was ministerial only, and that all parties conducted themselves as if the appointment had been effective on October 6.

findings may be *"entered on the record* after the fact," we have insisted that "they not be *made* after the fact." *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989).

> Unless it is clear from the record that the trial court struck the proper balance when it granted the continuance, the twin purposes of the record requirement will be ill-served. The trial court will not focus properly on the correct balancing at the time the continuance is granted, and the appellate court will have to settle for reviewing retroactive rationalizations instead of contemporaneous reasoning.

*Id.* Thus, the "failure to make 'ends of justice' findings at each continuance precludes an examining court from justifying the continuances retroactively." *United States v. Saltzman*, 984 F.2d 1087, 1091 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2940, 124 L.Ed.2d 689 (1993).

In this case the two minute orders granting the continuance make no ends of justice findings. R.Vol. I, Tabs 86 and 89. Although the nunc pro tunc order quotes the judge's letter to defense counsel in response to the motion for a continuance, noting "the mournful procedural history of the case, i.e. changes in counsel, suppression hearing, plea, withdrawal of plea, etc.," *Id.* at Tab 94, that letter is not included in the record.[5]

The government argues that because "each of these continuances was granted at the specific request of the defendant" he may not claim that the Act was violated by their grant. Appellee's Br. at 20. However, " '[t]he fact that the defendant has requested the continuance ... is not in itself sufficient to toll the operation of the time limits.' " *Saltzman*, 984 F.2d at 1091 (quoting *Amended Speedy Trial Act Guidelines* (Aug.1981)). Similarly, Mr. Pasquale's motion for a continuance does not constitute a waiver of the Act, as any " 'waiver' by the Defendant is necessarily invalid unless the court simultaneously makes 'ends of justice findings.' " *Id.* The district court therefore erred in ruling that:

> [T]he continuance to the Court's January trial docket was predicated upon [defense counsel's] representations to the Court that adequate representation required "substantially more investigation." ... The court relied upon [defense counsel's] assertion that defendant Pasquale's "response to this was that, even if he is incarcerated, he strongly urges that counsel seek whatever delays counsel feels are needed to be fully prepared for the trial." The Court reasonably understood this as an implicit understanding that defendant would not assert the extension of time for his trial preparation as a violation of his speedy trial rights. Therefore, the continuance granted to the defendant ... shall be excluded pursuant to 18 U.S.C. § 3161(h)(8)(A).

R.Vol. I, Tab 94 at 3.

■ On the record before us, we hold that the time between the filing of Mr. Pasquale's motion for a continuance and the court's reconsidered grant of his motion is excluded, that is, from November 24 to December 2. *See United States v. Blackwell*, 12 F.3d 44, 46 (5th Cir.1994) (excluding the period for deciding a motion for a continuance, even when the delay caused by the continuance itself was not excludable). However, since no ends of justice findings were made, the entire delay was not properly excluded, and trial began outside the allowable period. Therefore, Mr. Pasquale's case should have been dismissed.

■ Section 3162(a)(2) provides that, "[i]n determining whether to dismiss ... with or without prejudice, the court shall consider ... the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." While the decision is generally the trial court's in the first instance, remand for a hearing is not required if " 'the answer is so clear that no purpose would be served by a remand....' " *Doran*, 882 F.2d at 1518 (quoting *United States v. Janik*, 723 F.2d 537, 546 (7th Cir. 1983)). *See also United States v. Castle*, 906

---

5. The letter is not in the record designated on appeal, nor does the contemporaneous court docket sheet contain any entry for it.

F.2d 134, 138–39 (5th Cir.1990); *United States v. Miranda*, 835 F.2d 830, 834–35 (11th Cir.1988); *United States v. Simmons*, 786 F.2d 479, 485 (2d Cir.1986).

On the record of this case, we hold that remanding for a hearing is unnecessary because consideration of the relevant factors clearly indicates that the indictment should be dismissed without prejudice. In so ruling, we are guided by the seriousness of the offense and the court's factual findings. First, felony drug charges are serious offenses. *Saltzman*, 984 F.2d at 1093 n. 8 (citing *United States v. Taylor*, 487 U.S. 326, 337–38, 108 S.Ct. 2413, 2419–20, 101 L.Ed.2d 297 (1988)). Second, the district court found that under the circumstances of this case, Mr. Pasquale bears responsibility for much of the delay, as he attempted "to manipulate the procedures enacted to assure his and the public's right to a speedy trial in order to avoid any trial." R.Vol. I, Tab 94. Rather than seek a speedy trial, Mr. Pasquale and his counsel waited passively, making no claim to prompt attention, and, moreover, knowingly sought and acquiesced in the continuance. *See Saltzman*, 984 F.2d at 1094. Finally, as to the impact of reprosecution on the administration of the Act and justice and, in particular, the effect of Mr. Pasquale's continued imprisonment, both Mr. Pasquale and his defense counsel supported their efforts to obtain delays by expressly disclaiming any prejudice resulting from Mr. Pasquale's incarceration. Thus, in seeking the now complained of continuance, Mr. Boult represented that, "[E]ven though [Mr. Pasquale] is incarcerated, he strongly urges that counsel seek from the court whatever delays counsel feels are needed in order to be fully prepared for the trail (sic)." Certainly, under the facts of this case, requiring a hearing with the risk of another appeal would not serve the purposes of the Act or the administration of justice.

For the reasons stated, we REVERSE Mr. Pasquale's conviction, and REMAND with instructions to dismiss the indictment without prejudice.