**UNITED STATES of America, Plaintiff,**

v.

**William D. KILLION, Defendant.**

No. 94–10107–01.

United States District Court,
D. Kansas.

Sept. 18, 1995.

Kurt P. Kerns, Redmond, Redmond & Nazar, Wichita, KS, Randall J. Price, Wichita, KS, Jon S. Womack, Womack & Ingram, Wichita, KS, for William D. Killion.

Michael G. Christensen, Office of United States Attorney, Wichita, KS, for U.S.

### MEMORANDUM AND ORDER

WESLEY E. BROWN, Senior District Judge.

The defendant William D. Killion moved to dismiss the indictment because of an alleged violation of his rights under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. At a hearing on August 28, 1995, the government conceded that a violation had occurred because of a delay in transporting the defendant for a mental evaluation. Accordingly, the court entered an order of dismissal, but reserved a ruling on whether the dismissal was with or without prejudice. That issue is now before the court. The parties were granted until September 5, 1995, to file memoranda setting forth their positions. The memoranda have been filed and the court is now prepared to rule. For the reasons expressed herein, the court determines that the dismissal of the indictment shall be without prejudice to refiling.

■■■ If a defendant is not brought to trial within the time limits of the Speedy Trial Act, the court must dismiss the indictment upon motion of the defendant. 18 U.S.C. § 3162(a)(2). In determining whether to dismiss the case with or without prejudice, the court must consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice. *Id.* In adopting the Speedy Trial Act, Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a violation. *United States v. Taylor,* 487 U.S. 326, 334, 108 S.Ct. 2413, 2418, 101 L.Ed.2d 297 (1988).

■■■ *Seriousness of the offense.* The defendant is charged with a felony drug offense, which is considered a serious offense for these purposes. *United States v. Pasquale,* 25 F.3d 948, 953 (10th Cir.1994). As such, this factor weighs in favor of dismissal without prejudice.

*Circumstances leading to dismissal.* It is undisputed that 56 days of non-excludable delay elapsed between the defendant's initial appearance and the filing of defendant's first motion for discovery on December 20, 1994. On January 9, 1995,—approximately two weeks prior to the initial trial date—defendant's first appointed counsel moved to withdraw. The court granted that motion on January 10, 1995, and appointed a second attorney to represent Mr. Killion. The trial date was continued to February 13, 1995, to permit Mr. Killion's second attorney sufficient time to prepare. On January 20, 1995, defendant's second attorney was forced to withdraw because of a conflict of interest. The court then appointed Mr. Womack. On February 10, 1995, defendant requested and was granted a continuance of the trial until March 15, 1995. On February 15, 1995, defendant moved for a medical and psychologi-

cal evaluation. On March 3, 1995, defendant again moved for a continuance. After a motions hearing on March 3, 1995, the court signed an order directing that the defendant be transported to the Medical Center for Federal Prisoners at Springfield, Missouri, or other suitable facility, for a psychological evaluation. The order, which was filed on March 7, 1995, included a determination that any delay caused by the treatment would be excluded for purposes of the speedy trial act. It further provided that "all other motions filed by the defendant are moot." [1]

The defendant was not transported to the Federal Correctional Institute at Milan, Michigan, until May 10, 1995—63 days after the order authorizing an evaluation was filed. An evaluation was performed and the defendant was returned to this district on June 14, 1995. Following a motions hearing on July 10, 1995, the defendant requested a continuance and, pursuant to § 3161(h)(8)(A), the court continued the trial to August 1, 1995. The defendant requested another continuance on July 18, 1995, and the court continued the trial date to September 5, 1995. On August 18, 1995, the defendant filed a number of pretrial motions, including one alleging a violation of the Speedy Trial Act. On August 21, 1995, defendant filed a motion requesting another continuance.

The government has conceded that, under § 3161(h)(1)(H), fifty-three days of non-excludable delay elapsed while the defendant was being transported for an evaluation and the seventy day time limit for trial has been surpassed. The government offered no evidence concerning the reason for the transportation delay because it had concluded that the matter involved non-excludable "institutional delay." [2] Thus, it is undisputed that the total period of non-excludable delay in this case exceeds 100 days.

The court has considered all of the circumstances leading to the dismissal but notes the following in particular. First, there is no evidence that the government acted in bad faith. Even if the "institutional delay" was due to neglect, as defendant argues, nothing suggests that this was anything more than an isolated unwitting violation. There is no evidence of a pattern of neglect on the part of the government such as would make dismissal with prejudice more appropriate. *See United States v. Taylor,* 487 U.S. 326, 339, 108 S.Ct. 2413, 2420–21, 101 L.Ed.2d 297 (1988).

Secondly, this case has been continued several times at the request of the defendant. The trial was initially continued to permit defendant's newly appointed counsel time to prepare. Another motion for continuance was filed by defendant at the time he re-

---

**1.** The record is somewhat unclear as to the disposition of the defendant's motion for continuance filed on March 3, 1995. Following the motions hearing, a minute order was filed at the direction of the court stating that the trial was continued "until further notice by the court." (Doc. 35). Following the defendant's return from his evaluation, the trial was set for August 1, 1995. (Doc. 43). The available record does not disclose whether the court made any findings pursuant to § 3161(h)(8)(A) at the time it entered the minute order such that the delay from this continuance would have been excludable under that subsection. If this period were excludable under (h)(8)(A), it would be immaterial whether a portion of it was non-excludable under § 3161(h)(1)(H), and there would be no violation of the Speedy Trial Act in this case. The government does not make this argument, however, and in the absence of a record to show otherwise, the court cannot presume that the requirements of (h)(8)(A) were satisfied.

**2.** Section 3161(h)(1)(H) excludes "delay resulting from the transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable; ..."

Relying on *United States v. Noone,* 913 F.2d 20, 25 (1st Cir.1990), the government conceded that the delay in excess of ten days in transporting Mr. Killion was non-excludable. The court notes that although the majority view is that an unreasonable delay in transportation is non-excludable (even if there is a pending motion to determine competency), there appears to be a split of authority on the question. *See United States v. Vasquez,* 918 F.2d 329, 333 (2nd Cir.1990)(Delay of over eight months in delivering defendant for mental examination, although "unreasonable," was nevertheless automatically excluded under subsections (h)(1)(A) and (h)(1)(F)). Because the government conceded the issue here, the court was not called upon to decide which interpretation of subsection (h)(1)(H) is correct.

quested a mental evaluation. Even as defendant was asserting a violation of the Speedy Trial Act, he was also requesting another continuance to permit further preparation. It does not appear that the defendant has at any time up to this point been prepared to go to trial. On the other hand, the government has not requested a continuance of the case and appears to have been prepared to proceed to trial. These factors weigh in favor of dismissal without prejudice. *Taylor,* 487 U.S. at 340, 108 S.Ct. at 2421.

*Impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice.* Defendant argues that a dismissal with prejudice is necessary to deter the government from future violations. As the Supreme Court noted in *Taylor,* however, a dismissal with prejudice would always have a stronger deterrent effect, but the Speedy Trial Act does not require dismissal with prejudice for every violation. *Id.* at 342, 108 S.Ct. at 2422.

The court must take into consideration any prejudice to the defendant from the delay. *Taylor,* supra. Defendant argues that he has suffered prejudice because an "alibi witness," Edith Lynn Pete, died on June 9, 1995. The defendant has not demonstrated that the absence of Ms. Pete's testimony causes actual prejudice to his defense. Although defendant asserts that this testimony would have undermined statements by a confidential informant that defendant was manufacturing methcathinone on a specific date, he has not shown that this informant's statement is in any way central to the government's case against him. The indictment alleges that the offense was committed on or about October 12, 1994, and it appears to be undisputed that on October 12, 1994, the defendant was found in a house where methcathinone was being manufactured. Moreover, the defendant does not address the significance of Ms. Pete's testimony in light of other evidence, such as admissions made by the defendant after his arrest. In addition to Ms. Pete's testimony, the defendant contends that the whereabouts of several other witnesses are unknown and that their disappearance "as far as defendant knows" was "accomplished within the last two or three months." This vague allegation, however, is not sufficient to show that the defendant has suffered actual prejudice.

The court recognizes that the defendant has suffered prejudice in the form of being detained beyond the seventy day period. And, although the delay in this case was an indirect by-product of an effort to assist the defendant by providing an evaluation, the defendant correctly asserts that he bears no responsibility for the delay in transportation that occurred. Nevertheless, after consideration of all of the circumstances, for the reasons previously stated the court finds dismissal without prejudice is the appropriate remedy in this case.

*Conclusion*

IT IS THEREFORE ORDERED that the dismissal of the indictment in this case is without prejudice.