**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 27 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PAUL BRADFORD JONES,

Defendant-Appellant.

No. 97-4153
(District of Utah)
(D.C. No. 97-CR-6-B)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **McKAY,** and **MURPHY**, Circuit Judges.

Following a series of superseding indictments, Paul Bradford Jones, was

ultimately charged in an eleven count indictment.  Prior to trial, the indictment

against Jones was dismissed for violation of the Speedy Trial Act.  The

indictment was dismissed without prejudice.  Jones was subsequently reindicted

on all eleven counts contained in the dismissed indictment and, after a jury trial,

convicted on ten of those eleven counts.  In this appeal, Jones asserts that the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court erred when it dismissed the indictment against him without prejudice.[1]  This court has jurisdiction over this appeal from a final judgment pursuant to 28 U.S.C. § 1291.  After examining the briefs of the parties and the pertinent parts of the record, we **REVERSE** and **REMAND**.

### BACKGROUND

The relevant facts are as follows.  Jones was arrested on January 26, 1995. Through a series of superseding indictments, culminating with the filing of a Third Superseding Indictment on January 29, 1997, Jones was charged with three counts of robbery in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act"); three counts of carrying or using a firearm in the course of those robberies in violation of 18 U.S.C. § 924(c); three counts of bank robbery; one count of being a restricted person in possession of a firearm in violation of 18 U.S.C. § 922(g); and one count of tampering with a witness in violation of 18 U.S.C. § 1512(b)(1).

On May 16, 1995, Jones filed a motion to suppress evidence discovered during a warrantless search of a condominium unit.  An evidentiary hearing on Jones's Motion to Suppress was held on July 17, 1995, before a United States Magistrate Judge.  The Magistrate Judge filed a Report and Recommendation on

---

[1]Jones raises several other issues in his appeal.  Because this court reverses and remands to the district court for a redetermination on the Speedy Trial Act issue, the other claims raised by Jones on appeal are not addressed herein.

January 9, 1996.  Jones filed an Objection to the Magistrate's Report and

Recommendation on January 22, 1996.  A hearing on the matter was held before

the district judge on April 4, 1996.  A written order denying the Motion to

Suppress in part and granting it in part was entered on September 11, 1996.

On March 6, 1997, four days before the commencement of his trial, Jones

filed a motion to dismiss all charges against him because of a violation of 18

U.S.C. § 1361 (the "Speedy Trial Act").  The district court granted Jones's

motion and dismissed all charges against him for violation of the Speedy Trial

Act.  The dismissal was without prejudice.  Jones was reindicted on all eleven

counts pending against him at the time of the dismissal.  He was convicted on ten

of the eleven counts after a jury trial.

### STANDARD OF REVIEW

This court has not been asked to review the district court's

determination that a violation of the Speedy Trial Act occurred.  The sole

question before this panel is whether the district court erred when it refused to

dismiss the indictment against Jones with prejudice.   A district court's decision

to dismiss an indictment for violation of the Speedy Trial Act without prejudice

will be reversed only if the district court abused its discretion.        *See  United States*

*v. Taylor,*  487 U.S. 326, 335-336 (1988).  This court reviews the application of

the legal standards of the Speedy Trial Act de novo and reviews the district

-3-

court's factual findings for clear error. *See United States v. Pasquale*, 25 F.3d 948, 950 (10th Cir. 1994).

## ANALYSIS

The Speedy Trial Act requires the trial of a defendant to commence within seventy days from the filing date of the indictment or from the date on which the defendant appears before a judicial officer of the court, whichever date is later. *See* 18 U.S.C. § 3161(c)(1). If a violation of the Speedy Trial Act occurs, the indictment against the defendant must be dismissed. *See id.* § 3162(a)(2). The district court, however, retains the discretion to dismiss the indictment either with or without prejudice. *See id*. In determining whether to dismiss with or without prejudice, a district court "shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id*. The district court must consider each of the factors and its reasoning must be clearly articulated. *See Taylor*, 487 U.S. at 336.

While the total length of the delay between indictment and trial is not one of the specifically enumerated factors, it is relevant to the district court's evaluation of at least two of the enumerated factors. First, when the district court considers the seriousness of the offense with which the defendant has been

-4-

charged, a correspondingly serious delay may justify a dismissal with prejudice. *See United States v. Saltzman*, 984 F.2d 1087, 1092-1093 (10th Cir. 1993). Second, when it considers the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice, the district court should evaluate the prejudice suffered by the defendant from the delay. *See id.* at 1094. The length of the delay is a barometer of the prejudice suffered by the defendant. "The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty . . . ." *Taylor*, 487 U.S. at 340.

Although it may appear meaningless to dismiss an indictment without prejudice, it is clear that a violation of the Act does not require dismissal with prejudice. "If the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors . . . would be superfluous, and all violations would warrant barring reprosecution." *Id.* at 342. Even a dismissal without prejudice may effectively prevent the Government from reprosecuting if an applicable statute of limitations has run. The impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice is still only one factor to be considered. An evaluation of all the factors, however, may indicate the delay has been so lengthy, the conduct of the Government so egregious, and the likelihood of

reindictment so great that to dismiss without prejudice would effectively condone the very conduct which the Speedy Trial Act was enacted to prevent.

Thus, to adequately consider a motion to dismiss for violation of the Speedy Trial Act, the district court should make a factual finding as to the actual length of the delay. That finding is then employed twice. First, if the actual delay exceeds seventy days, the indictment against the defendant must be dismissed. Second, if the indictment is dismissed, the actual length of the delay must be considered in evaluating the applicable factors to determine whether the dismissal should be with or without prejudice.

Certain periods of delay are excluded from the calculation of a Speedy Trial Act violation. *See* 18 U.S.C. § 3161(h). Specifically, section 3161(h)(1)(F) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(F). Also excluded is delay which is "reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." *Id.* § 3161(h)(1)(J).

The district court in this case held, as a matter of law, that section 3161(h)(1)(J) of the Speedy Trial Act does not apply to magistrate judges. It then ruled that until the district judge received all materials necessary to decide

Jones's Motion to Suppress, including the Magistrate's Report and Recommendation, the matter was not under advisement by the court and the thirty-day period under section 3161(h)(1)(J) did not begin to run. Thus, the district court concluded that the entire time Jones's Motion to Suppress was being considered by the Magistrate was excludable under section 3161(h)(1)(F). This court has since held that the Speedy Trial Act does apply to magistrate judges and the time a motion is under advisement by a magistrate is subject to the thirty-day limitation of section 3161(h)(1)(J). *See United States v. Mora*, 135 F.3d 1351, 1357 (10th Cir. 1998).

Because the district court excluded the time Jones's Motion to Dismiss was under advisement by the Magistrate, it necessarily miscalculated the total amount of time that had elapsed between Jones's indictment and the date of his trial. The court then used this incorrect factual finding when it considered the factors set forth in section 1362(a)(2) and ruled that Jones's indictment should be dismissed without prejudice. A correct determination of the length of the delay is necessary to properly evaluate the factors.

## CONCLUSION

The erroneous factual finding flowing from a legal error caused the district court to fail to adequately consider all of the relevant factors outlined in section 316(a)(2) prior to dismissing the indictment without prejudice. A district court's

-7-

failure to properly consider the statutory factors is an abuse of discretion. *See*

*Taylor* , 487 U.S. at 335. The district court, therefore, abused its discretion when

it dismissed the indictment against Jones without prejudice.

Accordingly, we reverse the district court's dismissal of the indictment

against Jones without prejudice and remand for a recalculation of the total length

of the delay and a redetermination, after consideration of all the statutory factors,

whether the indictment should be dismissed with or without prejudice. [2]

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

---

[2]The United States has filed an unopposed motion to supplement the record with several documents which apparently relate to Jones's speedy trial claim. In light of this court's conclusion that the case be remanded to the district court for a recalculation of the total length of the delay in light of the proper legal standard, the motion to supplement the record is hereby **DENIED** as moot.