**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GLORIA E. NUNO,

    Defendant-Appellant.

No. 97-4161
(D.C. No. 97-CR-86)
(Utah)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **TACHA,** Circuit Judges.

Gloria Nuno entered a conditional guilty plea to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1) and was sentenced to 135 months in prison. She appeals, arguing that the district court erred in denying her motion to suppress evidence obtained from a vehicle search, and that the court abused its discretion in dismissing the original indictment without prejudice under the Speedy Trial Act. We affirm.

---

<sup>*</sup>This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ms. Nuno was driving a mini-van through Utah when she was stopped for traffic violations by Sheriff's Deputy Phil Barney. The encounter between Ms Nuno and Deputy Barney was captured on videotape and a sound recording system activated by the overhead lights on the patrol car. Deputy Barney approached the van and asked Ms. Nuno for her driver's license and registration. She handed him her license and the title to the vehicle. After Deputy Barney returned to his patrol car and checked with police dispatch, he went back to the van and allegedly handed Ms. Nuno her license and title, as well as a warning citation for excessively tinted windows. Deputy Barney then questioned Ms. Nuno about her purchase of the van, and asked her if she were carrying narcotics, to which she answered no. Deputy Barney asked for permission to look inside the van and Ms. Nuno allegedly agreed. Thereafter Deputy Barney entered the van and observed shoe prints on the van floor, as well as unusual seat molding, unusual carpet seaming and an unusual raised floor. Believing that these observations gave him probable cause to search further, Deputy Barney opened the trunk, pulled up carpeting, and ultimately discovered packages of cocaine. He arrested Ms. Nuno and brought her personal belongings from the van to the patrol car for safekeeping. A subsequent thorough search of the van revealed fifty-seven kilos of cocaine.

Ms. Nuno was indicted and filed a motion to suppress the cocaine revealed by the vehicle search. The district court denied the motion after several evidentiary hearings. Ms. Nuno then filed a motion to dismiss under the Speedy Trial Act, which the judge granted without prejudice. The government thereafter brought a new indictment and Ms. Nuno renewed her motion to suppress. After the district court denied this motion, as well as a motion to dismiss the indictment, Ms. Nuno entered a conditional guilty plea, reserving the right to challenge the denial of her motion to suppress and the denial without prejudice of her Speedy Trial Act motion.

We turn first to the denial of Ms. Nuno's motion to suppress.

> In reviewing the denial of a motion to suppress, we accept the district court's findings of fact unless they are clearly erroneous. In the context of a hearing on a motion to suppress, we are mindful that "the credibility of the witnesses and the weight given to the evidence, as well as inferences and conclusions drawn therefrom, are matters for the trial judge." Of course, the ultimate question of the reasonableness of a search or seizure is a question of law that we review de novo.

*United States v. Angulo-Fernandez*, 53 F.3d 1177, 1178-79 (10th Cir. 1995) (citations omitted).

In denying the motion here, the district court ruled that the initial traffic stop was supported by reasonable suspicion, and Ms. Nuno does not argue to the contrary on appeal. The court further found that Deputy Barney returned Ms. Nuno's license and vehicle title to her before questioning her on matters unrelated

to the initial stop. Ms. Nuno argues on appeal that this finding is clearly erroneous and then asserts that the search was unlawful under arguments and authorities directed to the scenario in which the officer retains the driver's documents while asking further questions or requesting consent to search.

The testimonial evidence was in direct conflict as to whether Deputy Barney gave Ms. Nuno's documents to her when he returned to the van after checking with dispatch. Ms. Nuno testified that he did not, Deputy Barney testified that he did, and both sides argued to the court that the videotape supported their version of events. The issue thus required the district court to make a credibility determination that we are not at liberty on this record to reverse. Accordingly, we accept the district court's determination that Deputy Barney returned the documents in analyzing the lawfulness of the search. We thus reject Ms. Nuno's reliance on cases in which the documents were not returned and the encounter therefore did not become consensual. *See, e.g., United States v. Walker*, 933 F.2d 812, 817 (10th Cir. 1991).

The district court determined from the totality of the circumstances that after the documents were returned, the encounter became consensual. This question requires assessment of factors pertinent to whether the officer's conduct rises to a sufficient show of authority to constitute a seizure, and "calls for the 'refined judgment' of the district court." *United States v. Werking*, 915 F.2d

-4-

1404, 1409 (10th Cir. 1990). (citation omitted). We cannot say on this record that the district court's determination was clearly erroneous. Here, as in *Werking*, the only show of authority was the fact that Deputy Barney was a uniformed officer, a circumstance that standing alone is insufficient to establish the requisite constraint. *Id.* at 1409.

Finally, we find no ground for disturbing the court's determination that Ms. Nuno consented to the search. The testimony of Ms. Nuno and Deputy Barney was in direct conflict on this matter as well, and the parties agree that the sound recording system did not pick up Ms. Nuno's response when Deputy Barney sought her consent. This matter of credibility was for the district court to resolve, and his determination is supported by Ms. Nuno's undisputed subsequent cooperation in the search. Accordingly, we affirm the district court's denial of Ms. Nuno's motion to suppress.

Next we address Ms. Nuno's argument that the court abused its discretion in dismissing her original indictment without prejudice. In assessing whether dismissal under the Speedy Trial Act should be with or without prejudice, the court is to consider the seriousness of the offense, the facts and circumstances that led to dismissal and the impact that reprosecution would have on the administration both of the Act and of justice. *See United States v. Mora*, 135 F.3d 1351, 1358 (10th Cir. 1998) (quoting 18 U.S.C. § 3162(a)(2). Contrary to

Ms. Nuno's assertion, felony drug charges are serious offenses. *United States v. Pasquale*, 25 F.3d 948, 953 (10th Cir. 1994). Moreover, the court here determined that Ms. Nuno was intentionally culpable in the delay, and that reprosecution was possible because witnesses and evidence were still available. Although Ms. Nuno asserts on appeal that the delay has prejudice her defense, she does not explain the nature of that prejudice, nor does she take issue with the court's determination that she was responsible for the delay. We find no abuse of discretion in the court's dismissal without prejudice.

**AFFIRMED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge