Overseers of the Poor of Clayton v. Beedle.

---

Oswego Special Term, September, 1847.   *Allen,* Justice.

## Overseers of the Poor of Clayton v. Beedle.

A writ of error is a statutory remedy, and must be strictly pursued; and a party seeking the benefit of the writ must bring himself, and his case, within the statute.

A writ of error cannot be brought upon a judgment in a personal action, by any person other than the party against whom the judgment was recovered; or, in case of his death, by his personal representatives.

There is no privity between overseers of the poor who have brought a suit in their official character, and their successors in office, which will enable the latter to bring a writ of error upon the judgment recovered in that suit.

Overseers of the Poor of Clayton *v.* Beedle.

Nor can such successors be substituted as plaintiffs in a writ of error pending at the time of their election, or afterwards brought, in the names of the previous overseers, to reverse a judgment recovered against them.

A writ of error is not a *suit*, or *action*, within the meaning of the section of the statute which provides that no suit commenced by or against certain public officers shall be abated or discontinued by the death of such officers, or their removal or resignation, or the expiration of their term of office, but that the court in which the action is pending shall substitute the names of the successors in such office.

An action was brought in the common pleas of Jefferson county, by the present plaintiffs in error, as overseers of the poor of the town of Clayton, to recover penalties for the violation of the excise law, (1 *R. S.* 677,) and judgment was rendered in that court in December, 1846, for the defendant, and against the plaintiffs, for costs. In January, 1847, the plaintiffs sued out a writ of error, removing the judgment to the supreme court; and in February thereafter Plumb and another were elected overseers of the poor of the town of Clayton, in place of the present plaintiffs in error; after which time the plaintiffs in error, without any substitution or change of parties, assigned errors. The defendant now moves to set aside the assignment of errors as irregular, and to substitute the newly elected overseers of the poor as the plaintiffs in error.

*B. Bagley*, for the defendant in error.

*T. C. Chittenden*, for the plaintiffs in error.

Allen, J. It is provided by 2 *R. S.* 474, § 100, that "no suit commenced by, or against, any officers named in this article, shall be abated or discontinued by the death of such officers, their removal from, or resignation of, their offices, or the expiration of their term of office; but the court in which any such *action* shall be pending shall substitute the names of the successors in such office, upon the application of such successors or of *the adverse party*." Overseers of the poor are among the officers named in the article, and if the section quoted is applicable to a writ of error, then the motions must be granted. But

Overseers of the Poor of Clayton v. Beedle.

if not, then the assignment of errors is irregular, and there is no authority to direct the substitution of parties which is asked for.

A writ of error is a statutory remedy, and must be strictly pursued; and a party seeking the benefit of the writ must bring himself, and his case, within the statute. Writs of error must be brought (1) By the party against whom the judgment complained of was rendered ; (2) In case of his death, by his executors or administrators, if the judgment was to recover any debt or damage only, or to recover any interest in lands declared by law to be personal assets. (2 *R. S.* 591, § 2.) And subdivisions three and four of that section prescribe by whom writs of error shall be brought in certain cases, if the judgment was for the recovery of real estate, or the possession thereof. I find no provision for the bringing a writ of error upon a judgment in a personal action by any person other than the party against whom the judgment was recovered, or, in case of his death, by his personal representatives. There appears to be no reason why, in a case like the present, the successors in office of the officers against whom a judgment has been recovered, for the costs of a suit commenced by them, should be permitted to bring a writ of error to reverse the judgment. The officers against whom the judgment has been recovered are primarily the only parties aggrieved. Against them the execution is by law to issue, and after it shall have been collected of them individually, the amount thereof shall be allowed to them in their account of official expenditures, by the board authorized to audit such accounts, if such suit appears to have been necessarily commenced in good faith. (2 *R. S.* 475, § 107.) It by no means follows that the public are at all aggrieved by the judgment, or interested in its reversal. And in every case, but for the statute, a judgment would necessarily be collected of the parties to the record against whom the recovery was had, irrespective of the character in which they sued or were sued. And for all purposes, other than those provided by statute, the plaintiffs and defendants named in the record must be considered as the " parties," and subject to all the duties and liabilities, and entitled to all the rights and privileges of " parties" in other cases.

. Overseers of the Poor of Clayton *v.* Beedle.

And their successors in office, or other persons, can only become parties and take such direction of the suit as is authorized and directed by statute, There is no express provision in the statute authorizing any person but the party against whom the judgment was recovered to bring a writ of error ; and there is no *privity* between the plaintiffs in this case and their successors in office, recognized either by the statute or common law, which would enable such successors to bring a writ of error upon. the judgment. (*Grout* v. *Chamberlin,* 4 *Mass. Rep.* 611.) It follows, that if the successors in office of the plaintiffs in error had been elected before error brought in this case, they could not have brought such writ, naming themselves plaintiffs in error. And if they could not sue out such a writ in their own names, must they be substituted as plaintiffs in a writ of error pending at the time of their election, or afterwards brought, in the names of their predecessors in office, to reverse a judgment recovered against them for costs ? It seems to me that any fair construction of the statute would require the writ to be *prosecuted* by the party who is required to *bring* it. It would hardly require one man to bring the suit, and another to prosecute it. It cannot be that the law requires a writ of error to be brought by one person, and the name of another to be immediately thereafter substituted as plaintiff in error, as would be required in a case like the present if the writ of error was to be brought *after* the election of the new officers, and the position of the defendant's counsel is correct.

But aside from the difficulty growing out of the act to provide for, and regulate, writs of error, cited above, I cannot bring myself to the opinion that a " writ of error," or the *proceedings* upon a writ of error, are within the provisions of the section upon which this motion is founded. (2 *R. S.* 474, § 100.) It does not appear to be necessary to decide whether, as was contended, the provisions of 2 *R. S.* 553, §§ 17, 18, providing for the service of suggestions in certain cases, and for the trial of such suggestions, apply to a case like the present. I am inclined to think they do not, for the reason, amongst others, that the statute authorizing a substitution of plaintiffs appears to contem-

plate a summary application to the court in which the action is pending; and that the court should order the substitution upon the application of either party. Of course in making up the record, a suggestion of the change would be made; but there is nothing upon which an issue can be found. If applicable, however, there is nothing in the situation of this cause to prevent the execution of the statute. An issue of fact could be joined which the court might order to be tried by a jury. But whether it is necessary, in a proper case for a substitution of parties to the record under the statute, to serve a copy of a suggestion upon which an issue of fact may be joined, is wholly immaterial in this case. For I am of the opinion that a "*writ of error*" is not a "*suit*" or an "*action*," within the meaning of the statute referred to. Mr. Justice Jewett, in *McDonald* v. *The Savings Bank in the City of New-York*, (2 *Howard's Pr. Rep*. 35,) held that the act in relation to the bringing of *suits* by poor persons, (2 *R. S.* 444,) did not extend to writs of error, for the reason that the statute was express in its provisions in regard to bringing writs of *error ;* which provisions must be complied with.

The same question was decided, in the same way, by the late Justice Cowen, in *Moore* v. *Cooley et al.* (2 *Hill's Rep.* 412.) He says, " An error on which a writ lies is not a cause of action." " No book holds the word *action*, or words *cause of action*, to be identical with a writ of error, or cause of a writ of error."

The section under consideration provides that no "*suit*" commenced &c. shall abate &c. The word *suit* is here used in its modern sense, and as synonymous with *action*. A suit is defined to be " the prosecution or presentment of some claim, demand or request. In law language it is the prosecution of some demand in a court of justice." (3 *Story's Com. on Const*. § 1719.) The words " suit" and " action" are used as synonymous, in the section of the statute now under consideration. By that section it is provided that " the court in which any such action shall be pending shall substitute the names" &c. A civil action is defined to be a legal demand of one's right; or it is the form of a suit given by law for the recovery of that which

is due. Till *judgment* the suit is called an *action*. (*Bouvier's Law Dict. tit. Action.*) A writ of error is not a suit or action, as those words are understood and used. And I am well satisfied that the provisions of the act authorizing a substitution of parties in a suit or action pending do not extend to the case of a writ of error; and that the assignment of errors is regular, and that the newly elected overseers of the poor cannot be substituted as plaintiffs in error.

Motion denied.

SAME TERM. *Before the same Justice.*