Angell *v.* Kelsey.

SAME TERM.    *Before the same Justice.*

### ANGELL *vs.* KELSEY.

Where the declaration, in an action of covenant, contained several counts, in each of which the instrument counted upon was set out, and but one breach assigned; and the defendant, after craving oyer, pleaded *non est factum,* and then demurred to each count generally, commencing the demurrer substantially as follows: "And the said defendant says that the first count of the said plaintiff's declaration is not sufficient," &c.; *Held* that the defendant was bound to elect whether he would abide by the pleas, or by the demurrers.

The rule that a party cannot plead and demur to the same pleading, is applicable to such a case.

Each breach assigned in a declaration is to be considered a distinct count, for the purposes of pleading; and the covenant as set out is applied to each breach.

Where several breaches are assigned, the defendant may demur to one and plead to the others. But where the count is indivisible, he cannot plead to part, and demur to part.

THIS is an action of covenant. The declaration contains several counts, in each of which the instrument counted upon is set out, and but one breach assigned. The defendant, after craving oyer, pleaded *non est factum,* and then demurred to each count, commencing the demurrer substantially as follows: "And the said defendant says that the first count of the said plaintiff's declaration is not sufficient," &c. The plaintiff there-

Angell *v.* Kelsey.

upon moved that the defendant be compelled to elect whether he would abide by the plea, or by the demurrers.

*T. C. Chittenden,* for the plaintiff.

*J. Mullen,* for the defendant.

ALLEN, J. The defendant insists that the plea of *non est factum* only putting in issue the execution of the instrument, he has a right to unite with that plea a demurrer to each of the breaches assigned. Admitting this to be true, to the extent claimed by the counsel who opposed the motion, I cannot think that this case is brought within the rule. The defendant has not confined his demurrer to any particular part of the several counts. Under the demurrer, any defect in the declaration, whether in that part which sets out the instrument declared upon, or in the assignment of breaches, could be made available. The demurrer says that the " count is bad," not that " the first or second breach is badly assigned." It is true, the causes of the demurrer point out defects in the assignment of breaches, but this is only material in respect to costs in case of an amendment. The defendant, under this demurrer, may avail himself of any substantial defect in the count. The pleader should have taken especial care that the part of the declaration covered by the plea was not also reached by the demurrer; as is clearly the case here. The rule that a party cannot plead and demur to the same pleading is, therefore, applicable in all its force. And that this rule is applicable, to all cases, see *Wheeler* v. *Curtis,* (11 *Wend.* 653;) *Dearborn* v. *Kent,* (14 *Id.* 183;) *Russell* v. *Rogers,* (15 *Id.* 351;) 1 *Chit. Pl.* 230.)

But if it is conceded that the demurrers are technically correct, and only extend to the breaches assigned, and do not cover that part of the declaration to which the plea of *non est factum* is applicable, I am still of the opinion that the pleading is irregular in this particular case; it being conceded that *only one breach* is assigned in each count. There is certainly no

Angell *v.* Kelsey.

necessity to adopt this method of pleading, to save the rights of the parties. When several breaches are assigned in the same count, it may be necessary to plead differently to each. Each breach is supposed to give a cause of action, and in effect to form a count by itself; and but for the rules of pleading peculiar to this action, and which have been extended to actions of debt on bond, each breach would necessarily form a count by itself. Hence the necessity of considering each breach a distinct count for the purposes of pleading; and the covenant, as set out, is applied to each breach. When the defendant pleads to one breach, and demurs to another, he pleads to the covenant in connection with the breach to which he pleads, and demurs to it in connection with the other; the same as if each breach was made a distinct count; the instrument being recited in each. The *covenant* must be *read* with the breach to make either, as the foundation of an action, intelligible. The authorities are all to the effect that where *several* breaches are assigned, the defendant may demur to one and plead to the others. (*Com. Dig. Pl.* 2, v. 3.) But there is no adjudication that I can find, that in a case like the present, when the count is indivisible, you can plead to part and demur to part. There are two *dicta* to that effect in our courts; but as they are not *decisions*, they are not binding as authorities, and the decisions in these cases are consistent with the rule. Suffering the pleadings to stand as put in, would leave the plaintiff entitled to a verdict, perhaps, after the court had held that there was no cause of action.

Motion granted with costs.