[See 7 Fed. 806.]

## Case No. 17,854.

### WILT v. STICKNEY.

[15 N. B. R. 23;[1] 5 Am. Law Rec. 630.]

District Court, N. D. Ohio. Dec. 9, 1876.

BANKRUPTCY—LIMITATIONS.

The limitation of two years in section 2057 does not apply to a proceeding to review a decree in equity.

[This was a bill of review filed by George F. Wilt, administrator of Harrison Wilt, against Edson Stickney, assignee in bankruptcy of Peter I. Vanderveer, to review a decree of this court declaring invalid a mortgage held by the said Harrison Wilt on certain of the bankrupt's property, and directing a sale thereof.]

Sherlock J. Andrews, for demurrer.

J. E. Ingersoll, contra.

WELKER, District Judge. On the 8th day of September, 1870, the defendant as assignee filed his bill in equity in this court, stating that the bankrupt Vanderveer owned certain real estate at the time of the filing of the petition in bankruptcy, and on which Harrison Wilt claimed a mortgage lien; that there were several other mortgages thereon; alleging that the mortgage of Wilt was void, and asking the court to so declare it, and order the sale of the real estate clear and free of the mortgage lien so claimed by Wilt. Answer thereto was filed by Wilt, claiming the mortgage to be a valid lien on the real estate, and asking its sale and proceeds applied to its payment. On the 11th of March, 1871, the cause was heard in this court, and on

---

[1] [Reprinted from 15 N. B. R. 23, by permission.]

such hearing a decree was entered setting aside the mortgage of Wilt as invalid, and ordering the assignee to sell the real estate and apply the proceeds to the debts of the estate. On the 13th of May, 1875, this bill of review was filed by the complainant, praying that said decree be reviewed and set aside for reasons therein stated, and a rehearing of the case be had. On the 9th of July, 1875, the defendant, assignee, filed a plea to said bill, setting up the statute of limitation, alleging that the cause of action did not accrue to the complainant within two years before the filing of the bill of review. To this plea the complainant files a general demurrer.

The question made by the demurrer is, whether the limitation provided in Rev. St. § 2057 of the bankrupt law [of 1867 (14 Stat. 517)] applies to this proceeding, it being conceded that the bill of review was not filed within two years from the rendition of the original decree. That section provides that "no suit at law or in equity shall be maintained in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property or right of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee."

It is claimed by the respondent that this proceeding is in effect a suit, and comes within the provisions of the section. In construing this statute it is important to understand what is meant by the term suit as used in the section. Does it mean all proceedings of any character, in which is involved the property or rights of the bankrupt arising between the assignee and claimant? Technical words used in statutes are to be given their legal signification. What then is a suit? It is defined to be the prosecution or presentation of some claim, demand, or request. In law language it is the prosecution of some demand in a court of justice. Story, Comm. Const. § 1719. The word "suit" is used in its modern sense as synonymous with action. 1 Barb. 15. An action is defined to be a legal demand of one's right; or it is the form of a suit given by law for the recovery of that which is due. 1 Barb. 15. Till judgment the "suit" is called an action. Bouv. Law Dict. Proceedings in error coram nobis in law, and bills of review in equity cases are in the nature of applications for new trials in cases already once tried or heard, and are but continuations of the original cases. In 1 Barb. 16, it is said that "a writ of error is not a suit or action as those words are understood and used." In 4 Ohio St. 690, it was decided that "a bill of review is not an original bill or suit."

It is, however, claimed by the respondent that, in Bailey v. Glover, 21 Wall. [88 U. S.] 342, the supreme court of the United States has given a construction to this section of

the statute which substantially determines this question. The court held in that case that the section was a statute of limitation, and precisely like other statutes of limitation, and "applies to all judicial contests between the assignee and other persons touching the property or right of property of the bankrupt transferable to, or vested in the assignee, where the interests are adverse, and have so existed for more than two years from the time when the cause of action accrued for or against the assignee." The use by the court of the terms "all judicial contests" certainly was not intended to change the definitions of a suit or action, as well understood in the law, but should be regarded as simply another form of the general definition of those terms already given. Two things are required of this statute: First. Must be a suit. This we have considered, and in the light of authority find this proceeding not a suit. Second. Must be a cause of action upon which the limitation can operate. Cause of action means simply a right of action. The remedy sought by this review is not to assert a right of action, but to review and reverse an action already heard and determined, to obtain a rehearing of an action already commenced, and cannot be considered a cause of action in the sense in which it is used in the statute.

It seems to me, therefore, that the true and correct construction of the statute sustained by principle and authority is, that it does not apply to proceedings for reviews in cases in equity, and that the limitation to this class of proceedings is that provided for writs of error and bills of review. The demurrer is sustained.