955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose VALENZUELA-HERNANDEZ, aka Jose Hernand Valenzuela,
Defendant-Appellant.
 No. 91-30089.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1992.
Decided Feb. 20, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Valenzuela-Hernandez appeals from his conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Valenzuela-Hernandez contends that the district court should have dismissed the case against him because the government did not bring him to trial within 70 days as required by the Speedy Trial Act, 18 U.S.C. § 3161 et seq. We review de novo the district court's application of the statute. United States v. Karsseboom, 881 F.2d 604, 606 (9th Cir.1989).
 
 
 3
 We conclude that there was no violation of the Speedy Trial Act. Once appellant moved[1] for discovery on August 30, 1990, time automatically ceased to run under the statute. See Henderson v. United States, 476 U.S. 321, 330 (1986); 18 U.S.C. § 3161(h)(1)(F). At no time did appellant withdraw the motion or request its final resolution. As a result, the motion remained pending until he moved for dismissal on December 7, 1990. See United States v. Aviles-Alvarez, 868 F.2d 1108, 1113 (9th Cir.1989). Because the unexcluded time did not exceed 70 days, no violation of the Speedy Trial Act occurred. See id.[2] In light of this conclusion, we need not consider the effect of the continuances.
 
 
 4
 In addition to challenging his conviction, Valenzuela-Hernandez contends that the district court erred in imposing consecutive sentences. He also maintains that the district judge's confusion during the sentencing hearing warrants a remand. We review factual findings in the sentencing phase for clear error. United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990). Application of the Sentencing Guidelines is reviewed de novo. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990).
 
 
 5
 The commentary to section 5G1.3 of the Sentencing Guidelines indicates that the district court had discretion to impose either consecutive or concurrent sentences, because the unexpired term in effect at appellant's sentencing was not for a crime committed while serving an unexpired term of imprisonment. Although appellant acknowledges the applicability of this provision, he nevertheless maintains that the district court abused its discretion. According to appellant, the government would have consolidated his indictments for sentencing were it not for the confusion over his identity. The court then would have sentenced him to concurrent terms under 18 U.S.C. § 3584(a).
 
 
 6
 This argument is without merit. Whether or not the government was confused about appellant's identity, it still had discretion to prosecute him in separate proceedings. The offenses occurred 20 months apart, and appellant pled guilty to the first offense prior to his indictment for the second. In light of these facts, separate proceedings were not inappropriate.
 
 
 7
 With respect to the factual findings, appellant rightly points out that the district judge incorrectly assumed that appellant was awaiting sentence on his re-entry offense and prosecution on the cocaine distribution charge at the time of his most recent offense. In fact, appellant was serving his re-entry sentence at that time. This fact, however, is irrelevant to whether appellant should serve consecutive sentences for the two later offenses. Because the district judge correctly understood the other facts, he did not clearly err with respect to any relevant factual findings, and no remand is warranted. See Burns, 894 F.2d at 336.
 
 
 8
 Equally unavailing is appellant's due process argument concerning the calculation of his base offense level under section 1B1.3. He contends that the hearsay statements by Yolanda Perez-Molina, repeated during Special Agent Robert Lowe's testimony, were not reliable evidence of his connection to the second drug transaction. We disagree. Not only were the statements consistent with the other evidence, see United States v. Fernandez-Vidana, 857 F.2d 673, 675 (9th Cir.1988), but also with the typical sequence of a larger drug sale following a small one. See United States v. Carvajal, 905 F.2d 1292, 1296 (9th Cir.1990). Appellant also was afforded ample opportunity to refute the hearsay statements by cross-examining the agent. See United States v. Giltner, 889 F.2d 1004, 1007 (11th Cir.1989). We therefore conclude that the evidence was sufficiently reliable, and will not disturb the district court's judgment that it satisfied the preponderance of the evidence standard. See Fernandez-Vidana, 857 F.2d at 675; Jones v. United States, 783 F.2d 1477, 1481 (9th Cir.1986).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 According to appellant, the clerk of the United States District Court for the District of Oregon does not consider a discovery request under Rule 16 of the Federal Rules of Criminal Procedure to be a "motion" as contemplated by 18 U.S.C. § 3161(h)(1)(F). Appellant's authority for this statement is not a matter of record in this case. Moreover, appellant denominated the request as a "Motion for Discovery" and the district court clerk docketed it as a motion. We accordingly treat this request as a motion
 
 
 [2]
 Contrary to appellant's suggestion, section 3161(h)(1)(J) does not impose a limit on the excludable period at issue here. In United States v. Davenport, 935 F.2d 1223 (11th Cir.1991), the court found that section 3161(h)(1)(J) limited to thirty additional days the amount of time excludable under the Speedy Trial Act once a pretrial motion had been taken under advisement. Id. at 1228. In the case of a Rule 16 motion, however, the court never rules--and thus never takes the motion under advisement--unless a dispute arises. See Fed.R.Crim.P. 16 advisory committee's note. Whether or not we would agree with Davenport 's view of the interaction between sections 3161(h)(1)(F) and (J), the thirty-day limitation would not apply here, because no dispute arose