15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ted DRENNON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-15755.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 21, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ted Drennon, a federal prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence on the ground that he did not receive effective assistance of counsel at his sentencing hearing. Drennon also contends that the district court erred by refusing to grant an evidentiary hearing on his claims. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Drennon was an unwitting participant in an FBI undercover sting operation in the Las Vegas, Nevada area. On nine separate occasions between November 2, 1989 and August 1, 1990, Drennon procured small amounts of cocaine to sell to an undercover FBI agent.
 
 
 4
 Immediately following his arrest, Drennon assisted the FBI by making a consensually monitored telephone call to Ian Campo, his supplier. As a result of Drennon's cooperation, the government agreed to charge Drennon in an information alleging separate counts rather than as a co-conspirator; thus, the five-year mandatory minimum to which Drennon would otherwise have been subject would not apply. The government also recommended that he receive the low end of the Guideline sentencing range. Pursuant to this agreement, Drennon pled guilty to eight counts of distribution of a controlled substances and one count of possession of a controlled substance with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). The district court accepted the government's recommendation and sentenced Drennon to 51 months of incarceration followed by a three-year period of supervised release.
 
 
 5
 Drennon subsequently filed a 28 U.S.C. Sec. 2255 motion to vacate his sentence on various grounds, including ineffective assistance of counsel. The district court denied the motion. Drennon timely appeals.
 
 II.
 STANDARD OF REVIEW
 
 6
 We have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291. We review de novo a district court's denial of a Sec. 2255 petition. United States v. Angelone, 894 F.2d. 1129, 1130 (9th Cir.1990). We also review de novo Drennon's claim of ineffective assistance of counsel. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991). We review the denial of an evidentiary hearing for abuse of discretion. Grayson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 III.
 DISCUSSION
 
 7
 Drennon contends that he was deprived of effective assistance of counsel at sentencing because his attorney failed to request (1) a downward departure based on the government's "manipulation" of his sentencing range and (2) a downward departure based on his minor or minimal role in the charged offenses. These contentions lack merit.
 
 A.
 
 8
 To establish ineffective assistance of counsel, a defendant must first show that his counsel's performance was "deficient," i.e., that his counsel acted unreasonably under "prevailing professional norms." Strickland v. Washington, 466 U.S. 668, 687-688 (1984). In addition, the defendant must show that the deficient performance prejudiced his defense such that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687, 694.
 
 
 9
 Here, the failure of Drennon's counsel to argue for a downward departure based on "sentencing guideline manipulation" did not fall below an objective standard of reasonableness. Drennon alleges that the FBI solicited him to engage in multiple drug transactions to increase his "exposure" under the guidelines and to reach his source. Drennon's attorney stated in an affidavit that he did not argue for downward departure based on these allegations because he had already negotiated a plea agreement under which Drennon would not be subject to the five-year mandatory minimum. Disagreement with a strategic or tactical decision of counsel is an insufficient basis for a claim of ineffective assistance. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984) (citing Strickland, 466 U.S. at 690-91).
 
 
 10
 Furthermore, Ninth Circuit precedent provides no basis for a sentencing manipulation argument for downward departure. Indeed, in United States v. Dickey, 924 F.2d 836, 839 (9th Cir.1991), the Ninth Circuit explicitly rejected a defendant's contention that a government agent "talked him into" money laundering and that "this alleged governmental misconduct constitute[d] a mitigating factor justifying a downward departure in sentencing." We cannot say that Drennon's attorney was professionally unreasonable for failing to make an argument unsupported by Ninth Circuit precedent. Consequently, we take no position on the issue of whether sentencing factor manipulation might ever serve as the basis for a downward departure.[1]
 
 B.
 
 11
 Likewise, we reject Drennon's contention that his attorney was ineffective because he did not argue for a reduction in offense level under U.S.S.G. Sec. 3B1.2 based on Drennon's minor or minimal role in the offenses to which he pled guilty.
 
 
 12
 A defendant's culpability is the key to determining minor or minimal participant status. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). The commentary to section 3B1.2 of the Sentencing Guidelines makes clear that the four-level downward adjustment for a minimal participant should be used sparingly. Downward adjustment is "appropriate, for example, for someone who played no other role in a very large drug smuggling operation than to off load part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. Sec. 3B1.2. (comment). Where a defendant's role is not "minimal" but he is "substantially less culpable than the average participant," the two-level reduction for a "minor participant" is appropriate. Id.
 
 
 13
 Here, Drennon procured cocaine and sold it to an undercover FBI agent on nine separate occasions over a nine-month period. The aggregate weight of cocaine in these transactions was 805 grams. Under these circumstances, his attorney's determination not to argue for downward departure did not fall below an objective standard of reasonableness.
 
 C.
 
 14
 The district court did not abuse its discretion by denying Drennon's Sec. 2255 motion without an evidentiary hearing. Under section 2255, a district court must grant an evidentiary hearing "[u]nless the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255; see Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.1989). When a Sec. 2255 petition alleges ineffective assistance of counsel, a district court must hold an evidentiary hearing "unless something in the record conclusively shows that [the] trial attorney was not ineffective." United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989). In addition, a district judge may use his own "recollection of the plea hearing and sentencing process to supplement the record" in deciding whether to grant an evidentiary hearing. Shah, 878 F.2d at 1159.
 
 
 15
 Based on his familiarity with Drennon's case, the district judge determined that the "motions, files, and records conclusively show that defendant [was] not entitled to Section 2255 relief." As we have previously discussed, Drennon alleged no facts which, if true, would establish his claim of ineffectiveness of counsel. Thus, the district court did not abuse its discretion in denying Drennon's Sec. 2255 petition without an evidentiary hearing.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At least one district court has departed downward on the basis that a government agent solicited defendant to engage in successive sales until the amount of drugs triggered the mandatory minimum. United States v. Barth, 788 F.Supp 1055, 1057 (D.Minn.1992) In addition, both the First and Eighth Circuits have suggested that sentencing manipulation might justify departure from the guideline range or exclusion of the "tainted transactions" from the guideline computation. See United States v. Connell, 960 F.2d 191, 196 (1st Cir.1992) ("We can foresee situations in which exploitative manipulation of sentencing factors by government might overbear the will of a person predisposed only to committing a lesser crime."); United States v. Stein, 973 F.2d 600, 602 (8th Cir.1992) (refusing to depart downward because defendant failed to show that he was "predisposed only to dealing in small quantities" and that "outrageous official conduct [overcame his] will")