UNITED STATES COURT OF APPEALS
**Filed 8/16/96**                                    TENTH CIRCUIT

UNITED STATES OF AMERICA,            )
                                     )
    Plaintiff-Appellee,              )
                                     )
v.                                   )          No. 95-8074
                                     )        (D.C. No. 94-CR-133)
JAMES EDWARD ROGERS,                 )           (D. Wyo.)
                                     )
    Defendant-Appellant.             )

ORDER AND JUDGMENT [*]

Before BALDOCK, BARRETT, and BRORBY, Circuit Judges.

A jury convicted Defendant James Edward Rogers of felon in possession of a

firearm and ammunition, 18 U.S.C. § 922(g), and unlawfully possessing an unregistered

sawed-off shotgun, 26 U.S.C. § 5841, 5845, 5861(d), and 5871. On appeal from his

conviction, Defendant claims he was denied his statutory and constitutional right to a

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

speedy trial, in violation of the Speedy Trial Act, 18 U.S.C. § 3162, and the Sixth Amendment. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

Defendant, a convicted felon, was stopped in Casper, Wyoming in late November 1994 for a suspected traffic violation. During the stop, state police officers found a sawed-off shotgun in the car, and shotgun shells in Defendant's clothing. A grand jury returned an indictment on November 28, 1994, and a superseding indictment on January 26, 1995, charging Defendant with the three counts listed above. Defendant was arrested and incarcerated on December 6, 1994.

Defendant filed numerous motions at the district court including a motion for discovery, motion for a competency exam, motion for continuance, two motions to suppress, motion for a new judge, and a motion in limine. On January 25, 1995, the district court granted Defendant's motion for a competency exam. On May 19, 1995, Defendant filed a "Motion for a Speedy Trial" wherein Defendant requested a jury trial "at the earliest possible time." The district court did not receive Defendant's competency evaluation from the Federal Medical Center until May 30, 1995. On June 1, 1995, the district court ruled that due to the competency examination and other pending motions, "140 days of excludable delay will be factored into the computation of the speedy trial deadline for this Defendant which results in a deadline of July 24, 1995." Trial commenced on July 5, 1995, 211 days after Defendant was incarcerated without bond on

December 6, 1994. The jury convicted Defendant of all three counts on July 7, 1995.

## II.

### A.

Defendant first asserts that he was denied his statutory right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3162. Defendant contends that he raised his rights under the Act by demanding a speedy trial, and that the 211-day delay between his initial appearance and trial violates the requirements of the Act. Consequently, Defendant asks us to remand with instructions to dismiss the indictment.

The government responds that Defendant waived his argument under the Speedy Trial Act because he failed to properly raise it before the district court. Although Defendant demanded a speedy trial by motion on May 19, 1995, the government argues that a speedy trial demand is insufficient to reverse a conviction on that ground alone. Instead, the government maintains that Defendant should have moved to dismiss the indictment to preserve his right to dismissal under the plain language of the Act.

The Speedy Trial Act requires that the trial of a criminal defendant commence within seventy days of the filing of the indictment, or from the date that the defendant first appears before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). The remedy for a violation of the Act is dismissal of the indictment. Id. § 3162(a)(2). "However, the statute is not self-executing." United States v. Gomez, 67 F.3d 1515, 1519 (10th Cir. 1995), cert. denied,116 S. Ct. 737 (1996). The Act places on the defendant the

burden of asserting a violation of the statute, explicitly providing that the "[f]ailure of the defendant <u>to move for dismissal</u> prior to trial or entry of a plea of guilty or nolo contendere <u>shall constitute a waiver of the right to dismissal under this section</u>." 18 U.S.C. § 3162(a)(2) (emphasis added).

"Courts have applied strictly this waiver language where a defendant has failed to move for dismissal prior to the commencement of trial." <u>United States v. Alvarez</u>, 860 F.2d 801, 821 (7th Cir. 1988) (citing cases), <u>cert.</u> <u>denied</u>, 493 U.S. 829 (1989). In our circuit, we have held that a defendant who might have been entitled to relief under the Act waived his right to relief by failing to move for dismissal prior to trial. <u>United States v. McKinnell</u>, 888 F.2d 669, 676 (10th Cir. 1989). Further, a mere demand for a speedy trial--as opposed to a motion to dismiss the indictment--does not preserve the statutory right to a speedy trial. <u>United States v. Stitzer</u>, 785 F.2d 1506, 1520 (11th Cir.), <u>cert. denied</u>, 479 U.S. 823 (1986); <u>Alvarez</u>, 860 F.2d at 822. We review compliance with the Speedy Trial Act de novo. <u>United States v. Pasquale</u>, 25 F.3d 948, 950 (10th Cir. 1994).

<u>Stitzer</u> is directly on point. Like Defendant Rogers in this case, the defendant in <u>Stitzer</u> did not file a motion for <u>dismissal</u> of the indictment, but filed a <u>demand</u> for a speedy trial. <u>Stitzer</u>, 785 F.2d at 1520 (emphasis added). The Eleventh Circuit quoted the language of § 3162(a)(2) which requires a defendant to move for <u>dismissal</u> and concluded:

> We do not believe that appellant's demand for a speedy trial constitutes a motion to dismiss the indictment, for it did not bring to the

> trial court's attention the fact that appellant believed the Act had been violated. In effect, appellant sat on his hands below, allowed this lengthy case to be tried fully, and raises now for the first time the claim that the indictment should have been dismissed. Rather than allow appellant's "wait and see" tactic to prevail, we find that he has waived this objection.

Stitzer, 785 F.2d at 1520; accord Alvarez, 860 F.2d at 822.

In the case at bar, Defendant filed a "Motion for a Speedy Trial" and demanded a jury trial "at the earliest possible time." Defendant, however, did not "move for dismissal" as required by the plain language of § 3162(a)(2). Section 3162(a)(2) mandates that Defendant's failure to move for dismissal "shall constitute a waiver of the right to dismissal under this section." Accordingly, we hold that Defendant has waived any right to relief he may have under the Speedy Trial Act.[1]

B.

Defendant next argues that he has been denied the right to a speedy trial guaranteed him by the Sixth Amendment. We disagree.

We balance four factors to determine whether a defendant's Sixth Amendment right to a speedy trial has been violated: "(1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the

---

[1]     Defendant also asserts that notwithstanding his failure to move for dismissal under the Speedy Trial Act, we must reverse his conviction for plain error. Defendant's invitation to review his conviction for plain error under the Speedy Trial Act is foreclosed by circuit precedent. See Gomez, 67 F.3d at 1519-20 (holding that "there was no error committed, and therefore nothing for us to review under [Fed. R. App. P.] 52(b)" where defendant failed to move for dismissal prior to trial as required by § 3162(a)(2)).

delay prejudiced the defendant." Gomez, 67 F.3d at 1521 (citing Barker v. Wingo, 407 U.S. 514, 530 (1972). "The length of the delay is a threshold factor. Only if the delay is presumptively prejudicial need we inquire into the remaining Barker factors." Id. For purposes of the Sixth Amendment, the speedy trial time period begins when the defendant is first arrested or charged with committing a federal offense and ends when his jury trial begins. Id.

In the instant case, Defendant was arrested and detained without bond on December 6, 1994, 211 days before commencement of trial on July 5, 1995. Although our precedent recognizes that "there is no bright line beyond which pretrial delay will trigger a Barker analysis," Gomez, 67 F.3d at 1521, the Supreme Court has observed that "[d]epending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." United States v. Doggett, 505 U.S. 647, 652 n.1 (1992). The Court further explained that "'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the Barker enquiry." Id.

In view of this principle, we conclude the 211-day delay in this case was not presumptively prejudicial. See, e.g., United States v. Dirden, 38 F.3d 1131, 1137-38 (10th Cir. 1994) (delay of 228 days insufficient to trigger the Barker analysis); United States v. Occhipinti, 998 F.2d 791, 798 (10th Cir. 1993) (delay of 172 days insufficient to

trigger the <u>Barker</u> analysis).  Thus, we need not consider the remaining <u>Barker</u> factors, and reject Defendant's argument that he was denied his right to a speedy trial under the Sixth Amendment.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge