**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 12 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES RUFUS ARNOLD, III, aka
James R. Arnold, II, aka James R.
Arnold, Jr., aka James R. Arnold, III,
aka Jamie Arnold, aka James Arnold,
aka Adrian Franklin,

Defendant-Appellant.

No. 96-3176

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 95-10046-FGT)

---

Debra L. Barnett, Assistant United States Attorney (Jackie N. Williams, United
States Attorney, with her on the brief), Office of the United States Attorney,
Wichita, KS.

Jon S. Womack, Marshall, Womack & Ingram, Wichita, KS.

---

Before **SEYMOUR** Chief Judge**, PORFILIO** and **MURPHY,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

Having examined the briefs and the appellate record, this panel determines unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.

Appellant, James R. Arnold, appeals his conviction and sentence in the United States District Court for the District of Kansas for possession of a firearm after a conviction punishable by more than a year imprisonment, a violation of 18 U.S.C. § 922(g)(1); and possession of narcotics, a violation of 21 U.S.C. § 844.

Appellant raises two issues: (1) whether the district court lacked jurisdiction to prosecute the appellant under 18 U.S.C. § 922(g)(1) because the previous conviction was not punishable by more than a year imprisonment; and (2) whether the Speedy Trial Act (hereinafter "STA"), 18 U.S.C. §§ 3161-74, was violated.

This court exercises appellate jurisdiction pursuant to 28 U.S.C. § 1291 and affirms the conviction under 18 U.S.C. § 922(g)(1) but remands for further proceedings to address the speedy trial question.

## I. JURISDICTION

18 U.S.C. § 922(g) provides, "It shall be unlawful for any person . . . who has been convicted in any court of, [sic] a crime punishable by imprisonment for a

term exceeding one year . . . to ship or transport in interstate . . . commerce, or possess in or affecting [sic] commerce, any firearm . . . ." The appellant argues that the district court lacked jurisdiction over the charge under this statute because he could not have been sentenced for more than one year for the underlying previous felony conviction.

Appellant's prior conviction was for criminal possession of a firearm in violation of Kan. Stat. Ann. § 21-4204, for which he received a sentence of 11 months imprisonment. Under Kansas' sentencing scheme, appellant's conviction amounted to a severity level of eight. *See* Kan. Stat. Ann. § 21-4204(d) (1994 Supp.). As such, the maximum punishment was 23 months. *See Id.* § 21-4704(a) (1994 Supp.).

Appellant acknowledges that the crime for which he was convicted carried a maximum possible punishment of 23 months. He argues, however, that the sentencing court could actually only have given him a maximum sentence of 11 months when it took into account his limited criminal history, as it was required to do under Kansas law. *See* Kan. Stat. Ann. § 21-4704.

The appellant's argument fails because the Kansas state trial judge possessed the power to depart upward from the presumptive sentence based on

aggravating factors.[1]  *See* Kan. Stat. Ann. § 21-4716(b)(2) (1994 Supp.); *United States v. Minnick*, 949 F.2d 8, 9-10 (1st Cir. 1991) (holding that despite New Jersey statutory presumption against imprisonment for the crime in question, it qualified as "punishable by imprisonment for a term exceeding one year" since the sentencing court had discretion under certain circumstances to impose a term of incarceration exceeding one year); *United States v. Currier*, 821 F.2d 52, 58 (1st Cir. 1987).

Appellant attempts to rewrite 18 U.S.C. § 922(g)(1) by converting the word "punishable" into "punished."  What matters is not the actual sentence which the appellant received, but the maximum possible sentence.  *See Currier*, 821 F.2d at 58; *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 113 (1983) (finding it irrelevant whether the individual in question actually receives prison term when statute imposes disabilities on those previously convicted of crimes punishable by imprisonment for a term exceeding one year); *see also United States v. Place*, 561 F.2d 213, 215 (10th Cir. 1977) (holding that defendant's actual sentence of only one year was irrelevant to question of whether court could have imposed longer sentence).  This reflects the clear language of the statute, which imposes criminal

---

[1]Consideration of aggravating factors is discretionary with the trial judge, and the list of factors is expressly nonexclusive.  Kan. Stat. Ann. § 21-4716(b)(2) (1994 Supp.).  As a consequence, until actual imposition of sentence, appellant could not predict whether his sentence would exceed one year.

liability on offenders who have previously been convicted of "a crime *punishable by imprisonment for a term exceeding one year*." 18 U.S.C. § 922(g) (emphasis added).

This court thus rejects the appellant's argument as to this first issue.

## II. SPEEDY TRIAL

The appellee argues both that the appellant waived his right to raise the STA issue on appeal, and that even if he did not waive this right, the STA was not violated.

Appellee's waiver argument is based on its claim that the appellant failed to make an STA-based motion to dismiss the indictment prior to trial. To be sure, "[f]ailure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal" under the provisions of the STA in question. *See* 18 U.S.C. § 3162(a)(2).

The appellant, however, did present the STA issue to the district court, albeit not in the form of a formal, written motion. In a chambers conference on the record, appellant's lawyer stated, "Your Honor, there is one other thing. . . . As I look through this file and as my client looked through, he thinks there's a speedy trial issue . . . From June 15th to August 24th is the passage of time which he believes should be counted towards violation of the Speedy Trial

Act." The appellee claims that this presentation was insufficient to preserve the issue for appeal because (1) it was not raised prior to trial; and (2) it did not constitute a motion as required by 18 U.S.C. § 3162(a)(2).

The cases upon which appellee relies do not support its arguments. In support of the argument that the STA issue was not raised prior to trial, appellee cites *United States v. McKinnell*, 888 F.2d 669 (10th Cir. 1989), *abrogated on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995). In that case, however, the STA claim was not allowed because it was raised for the first time in a motion for a new trial following a conviction. *See id.* at 676. In the case at bar, the STA claim was raised on the day of trial but before the trial commenced. For purposes of the STA, a jury trial commences with the voir dire. *See United States v. Patten*, 826 F.2d 198, 199 (2nd Cir. 1987). The appellant timely raised the STA issue in a conference prior to the commencement of voir dire.

In support of the argument that the STA claim was defective because not presented in the form of a motion, the appellee cites *United States v. Rogers*, 1996 WL 466662 (10th Cir. 1996). Although *Rogers* is unpublished, it may be considered as persuasive authority. *See* 10th Cir. R. 36.3. It is distinguishable, however, from the case at bar. In *Rogers*, an STA claim was denied because it

was raised only in the form of a *demand* on the part of the defendant for a speedy trial, rather than a claim that the STA had been violated. The court stated,

> We do not believe that appellant's demand for a speedy trial constitutes a motion to dismiss the indictment, for it did not bring to the trial court's attention the fact that appellant believed the Act had been violated. In effect, appellant sat on his hands below, allowed this lengthy case to be tried fully, and raises now for the first time the claim that the indictment should have been dismissed. Rather than allow appellant's "wait and see" tactic to prevail, we find that he has waived this objection.

1996 WL 466662 at **2 (quoting *United States v. Stitzer*, 785 F.2d 1506, 1520 (11th Cir. 1986)). In contrast, the appellant in this case did not rely upon a mere demand for a speedy trial. Instead, he brought to the trial court's attention his belief that the STA had been violated. *Rogers* thus does not support the appellee's waiver argument.

Appellant's statements to the district court prior to trial, in which he claimed a violation of the STA, satisfy the motion requirements of 18 U.S.C. § 3162(a)(2). The district court itself acknowledged the adequacy of appellant's presentation when it stated in response, "If there is a speedy trial violation, then you've raised the issue; . . . that will protect you. . . . [I]f there was a trial and the prosecution got the conviction and it violated the Speedy Trial Act, . . . we'd have to set it aside and dismiss."

The merits of the speedy trial claim are not as clear. The STA requires that the trial of a criminal defendant begin within 70 days, not counting "excludable

time" as defined in 18 U.S.C. § 3162(h), after the filing of the indictment, or from the date that the defendant first appears before a judicial officer, whichever is later (hereinafter "STA start date"). 18 U.S.C. § 3161(c)(1).

All of the dates in question in this case occurred in 1995. Appellant was indicted April 6, but made his first appearance April 18; thus, his STA start date was April 18. The date of trial was October 24. Accordingly, well over 70 days elapsed between the STA start date and the date of trial. The question thus becomes how many of these days were excludable.

The only basis for excludable time addressed by either the appellant or the appellee is the processing of pre-trial motions. Two provisions of the STA are relevant when considering excludable time for pre-trial motions. First, 18 U.S.C. § 3161(h)(1)(F) provides that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" constitutes excludable time. Second, 18 U.S.C. § 3161(h)(1)(J) provides that "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" constitutes excludable time.

Therefore, "when a pretrial motion requires a hearing[,] subsection (F) on its face excludes the entire period between the filing of the motion and the conclusion of the hearing." *Henderson v. United States*, 476 U.S. 321, 329

(1986).  When a pretrial motion does not require a hearing, subsection (F) excludes the period between the filing of the motion and the prompt disposition thereof.  *Id.*  "[T]he promptness requirement was 'intended to provide a point at which time will cease to be excluded, where motions are decided on the papers filed without hearing.'  The 'point at which time will cease to be excluded' is identified by subsection (J), which permits an exclusion of 30 days from the time a motion is actually 'under advisement' by the court."  *Id*. (quoting S. Rep. No. 96-212, at 34 (1979)).  The 30-day period discussed in subsection (J) begins when "all necessary information is before the court."  *United States v. Willie*, 941 F.2d 1384, 1388 n. 2 (10th Cir. 1991).  Appellant's theory as to when and how 70 days of nonexcludable time elapsed, despite the filing and processing of various pre-trial motions, must be evaluated under these principles.

Appellant alleges two periods of nonexcludable time: (1) between the STA start date, April 18 and April 28, when the appellant filed his first Motion to Compel Discovery, 10 days of nonexcludable time elapsed; (2) between June 15, the date the Judge denied an appeal motion from the Magistrate's Order of Detention, and August 24, when the appellant filed his second Motion to Compel Discovery, 70 more days of nonexcludable time elapsed.  Counting those two periods, appellant contends the STA 70-day limit was reached on August 14.  The

appellant does not argue that any of the days after August 24 constituted

nonexcludable time.

The appellee responds that while 10 days of nonexcludable time elapsed

between the STA start date, April 18 and April 28, no nonexcludable time

occurred after April 28, since the appellant's Motion to Compel Discovery, filed

April 28, was not disposed of until the date of trial, October 24.[2] Thus, appellee's

position is that only ten days of nonexcludable time elapsed between the STA

start date, April 18, and the date of the first Motion to Compel Discovery, April

28. The appellee makes no claim that the April 28 motion was addressed in a

hearing, and fails to account for limitations on excludable time vis-a-vis motions

not requiring a hearing but taken under advisement. Thus, this court cannot rely

upon the April 28 Motion to Compel Discovery as grounds for exclusion of the

period of time beginning April 28 and extending through the date of trial, October

24.

This court is left to consider the veracity of the appellant's version in light

of the record. Unfortunately, we are unable to do so. There are numerous

---

[2]The appellee sets out additional motion-based grounds for excluding the period of May 26 through June 8, and the period of August 29 through September 26. These proffered periods of excludable time, however, do not relate to appellant's proposed 70 days of nonexcludable time, which run from April 18 through April 28 and from June 15 through August 14. Thus, they do not impact the debate.

motions mentioned at various points in the record but which are not addressed in the appellant's STA theory.[3] It is impossible for this court, without exact identification, copies or explanations of these motions, to determine whether they created excludable time within the appellant's 70-day count of nonexcludable time. When appellant raised the issue, the district court merely acknowledged that the issue had been raised, without considering whether the STA had in fact been violated. Appellant again raised the STA issue in its Motion for a New Trial, but the district court again failed to address or rule specifically on that issue.

The record on the speedy trial issue appears inadequate. Regardless of the adequacy of the record, neither court nor counsel provided any guidance for consideration of that record on appeal. The difficulties faced by this court under those circumstances in examining the speedy trial issue for the first time on appeal are insurmountable.[4]

_____

[3]*See, e.g.,* R., Vol. II, Doc. 111 at 5 ("Mr. Womack [defense attorney]: But understanding that when the defense files a motion, that stops the time from running. I think examination of the file would indicate that the Court did consider *some motions* filed by the defense on June 15th and entered *orders* from the bench. . . . On July 18th there's a *minute order.*"(emphasis added)); R., Vol. I, Doc. 23 (Aug. 24 Motion to Compel Discovery) (making reference to a May 26 "motion for complete discovery").

[4]For example, the 30-day excludable time period authorized under 18 U.S.C. § 3161(h)(1)(J) begins when all necessary information is before the court. *United States v. Willie*, 941 F.2d 1384, 1388 n. 2 (10th Cir. 1991). This court cannot determine when this occurred for the motions in question.

We therefore **REMAND** to the district court for consideration, development of the record, and ruling on the STA issue. In all other respects, the judgment is **AFFIRMED**.