**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JAMES RUFUS ARNOLD, III,

  Defendant-Appellant.

No. 97-3252
(D. Kansas)
(D.C. No. 95-10046-01-FGT)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **HOLLOWAY** and **HENRY**, Circuit Judges,

Defendant-appellant James R. Arnold ("Arnold") was convicted of possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession of narcotics in violation of 21 U.S.C. § 844. Arnold appealed his conviction and sentence, claiming his rights under the Speedy Trial Act, 18 U.S.C. § 3161 had been violated and error with respect to his firearm possession conviction. A panel of this court affirmed the possession of a firearm conviction but remanded the case to the district court for a finding on the Speedy Trial Act issue. United

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under terms and conditions of 10th Cir. R. 36.3

States v. Arnold, 113 F.3d 1146 (10th Cir. 1997)(Arnold I).  On remand, the district court ruled that the Speedy Trial Act had not been violated.  Arnold timely appeals the district court's ruling.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and reverse.

I

On April 6, 1995, Arnold was charged in a six-count indictment alleging violations of 18 U.S.C. § 922(a)(6), 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(c), and 21 U.S.C. § 844. Arnold made his first appearance before a magistrate judge on April 18, 1995.  The magistrate judge ordered Arnold detained pending trial.  I App. at 4.  On April 28 Arnold filed a motion to compel discovery pursuant to Fed. R. Crim. P. 16(b).  Motion to Compel Discovery, No. 95-10046-01 at 1 (April 28, 1995).  In his motion Arnold moved the court for an order compelling the government to disclose to him statements made by Arnold, documents relating to his criminal record, scientific test evidence, exculpatory information, information regarding the government's cooperating witnesses, information relating to witnesses, evidence of uncharged conduct, information relating to the grand jury proceedings, and other physical and tangible objects, inter alia.  Id. at 1-14.

On May 26, 1995, Arnold filed a motion to continue pretrial deadlines and the trial date but withdrew the motion on June 8.  I App. at 5.  On June 8 Arnold appealed the magistrate judge's order of detention.  I App. at 5.  On June 12 the government filed a "Disclosure of Rule 16 and Brady Materials, Request for Reciprocal Discovery and Offer to Exchange 18 U.S.C. 3500 and Impeachment Materials."  In this document the government

provided Arnold oral statements made by him, documents relating to his criminal history, and copies of scientific tests and experiments, and offered to provide an opportunity for Arnold's counsel to see any physical or tangible object. I Supp. App. (Doc. 20). The government also acknowledged in its response its duties under Rule 16, Brady, and Jenks to provide any additional information the government received. Id. The government stated that it was not obligated to provide Arnold with a witness list or copies of the grand jury proceedings and would not provide such materials unless Arnold expressed a willingness to participate in a voluntary pre-trial reciprocal exchange. Id.

On June 15, 1995, the district court affirmed the magistrate judge's order of detention. The record shows that no other motions were pending until Arnold filed a further motion to compel discovery on August 24, 1995. I App. at 5. Arnold thereby moved the court to compel the government to provide information relating to probable cause for a search and seizure, arguing that the government's June 12, 1995, response was inadequate. [1] In his August 24 motion Arnold also made reference to a motion for complete discovery he allegedly filed on May 26, 1995. There is nothing in the record to show that such a motion was filed. I App. at 5. The only criminal docket sheet entry for May 26, 1995 is a reference to the motion to continue pretrial deadlines and trial, noted earlier, which motion was withdrawn on June 8. I App. at 5.

_____

[1]Arnold's motion refers to the government's response as dated June 13, 1995. The record indicates there were no papers filed by the government on June 13, 1995. I App. at 5. We assume Arnold meant June 12, 1995.

Arnold also filed a motion to suppress on August 29, 1995. The government filed a response to the motion to suppress on September 13, and the district court, after holding a hearing, denied the suppression motion. Arnold's trial began on October 24, 1995. I App. at 9. Immediately before trial, Arnold asked his counsel to raise to the court the issue whether the Speedy Trial Act had been violated. II App. at 4. Arnold's counsel did so in a chamber's conference before trial. We noted this in Arnold I, 113 F.3d at 1149, there holding that counsel's statements satisfied the motion requirements of 18 U.S.C. § 3162(a)(2) for raising a Speedy Trial Act claim. Id.

II

Arnold claims the district court erred in ruling that the Speedy Trial Act has not been violated. "Compliance with the requirements of the Speedy Trial Act is a question of law which we review de novo." United States v. Mora, 135 F.3d 1351, 1354 (10th Cir. 1998)(quoting United States v. Dirden, 38 F.3d 1131, 1135 (10th Cir. 1994)). The Act requires the government to bring a criminal defendant to trial within 70 days of the filing of an indictment or from the date the defendant first appears before a judicial officer of the court, whichever is later. 18 U.S.C. § 3161(c)(1); Mora, 135 F.3d at 1354. The Act serves two purposes: protecting a defendant's constitutional right to a speedy trial and serving the public interest in bringing prompt criminal proceedings. Id.; United States v. Saltzman, 984 F.2d 1087, 1090 (10th Cir. 1993).

-4-

Arnold made his first appearance before a judicial officer on April 18, 1995, and was brought to trial on October 24, 1995. Thus 189 days elapsed between Arnold's first appearance before a judicial officer and his trial date. Unless 119 days are excludable, the district court erred in ruling that there was no Speedy Trial Act violation.

The Speedy Trial Act provides several exceptions to the 70-day general rule. Section 3161(h) excludes:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to–
>
> . . .
>
> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> . . .
>
> (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is <u>actually under advisement by the court</u>.

18 U.S.C. § 3161(h) (emphasis added).

The government concedes that the ten days between April 18, 1995 and April 28, 1995 are non-excludable days.[2] I App. (Doc. 123 at 3). Arnold concedes that the delays between

---

[2]The district court's docket sheet indicates that no motions were filed or pending between April 18, 1995 and April 28, 1995. I App. at 4-5.

April 28, 1995 and June 15, 1995, and between August 24, 1995 and the October 24, 1995 trial date, are excluded from the 70-day limit.[3]

The parties dispute whether the 69-day period between June 15, 1995 and August 24, 1995 is excludable or non-excludable. This 69-day period, when added with the ten-day period the government concedes is non-excludable, totals 79 days, nine days in excess of the 70-day limit imposed by the Speedy Trial Act.

The government argues that there is no Speedy Trial Act violation because, under subsection (J) of the Act, the 30 days following its June 12, 1995, response to Arnold's first motion to compel are excluded. Under the government's theory, the period between April 28 and July 12 is excluded, leaving only 52 days of non-excludable delay. We disagree.

_____

[3]Here, Mr. Arnold seeks only to exclude that period of time following the government's response to his first Rule 16 discovery motion. Thus, he does not seek to exclude any of the 44 days between the filing of that motion (April 28, 1995) and the government's response (June 12, 1995). Likewise, he does not seek to exclude any of the time between the filing of his August 24, 1995 Rule 16 motion and the government's subsequent response to that motion.

Due to Mr. Arnold's concession, we need not reach the question of whether some or all of these time periods are excludable under the Speedy Trial Act. However, we note that the Sixth Circuit has held that "a pro forma request for discovery directed at the government . . . [does] not toll the speedy trial clock." United States v. Mentz , 840 F.2d 315, 329 (6th Cir. 1988); accord United States v. Valenzuela-Hernandez, 1992 WL 31852, at *2 n.2 (9th Cir. Feb. 20, 1992) ("In the case of a Rule 16 motion, . . . the court never rules – and thus never takes the motion under advisement – unless a dispute arises); see also United States v. Johnson, 32 F.3d 304, 306 n.1 (7 th Cir. 1994) (observing that "the time during which [the defendant's discovery motions] were under review is not included for purposes of the Speedy Trial Act calculation" and citing Mentz).

The government is correct that if a court has a motion "actually under advisement," to be ruled on at a later date, but does not require a hearing, up to 30 days may be excluded pursuant to subsection (J).  United States v. Willie, 941 F.2d 1384, 1387 (10th Cir. 1991). But the government fails to show that Arnold's April 28, 1995, motion to compel was "actually under advisement" between June 15 and August 24 or was ever under actual advisement by the district court during this time.  We have scoured the record for any indication that Arnold's motion was under consideration or disposed of in any manner between June 15 and August 24 and we have found nothing that indicates the motion was pending or ever considered by the district court during this critical time frame.  I App. at 5.[4] Moreover, the district court's docket sheet shows no other activity of any significance to our Speedy Trial Act question between June 15 and August 24.  Therefore, the period between June 15, 1995 and August 24, 1995 was a non-excludable delay totaling 69 days.  Because there are also ten days between April 18, 1995 and April 28, 1995, which the government concedes cannot be excluded, the 70-day limit imposed by the Speedy Trial Act was violated.

III

---

[4]The trial court's Memorandum and Order denying Arnold's motion to dismiss on Speedy Trial Act grounds makes a conclusory statement that Arnold's motion to compel discovery of April 28, 1995 "was not under advisement until the court received the government's response to the motion on June 12, 1995."  However, the court in its order does not indicate any actual consideration of, or action on, Arnold's motion.  I App. (Doc. 125).

The Speedy Trial Act requires the indictment charging a defendant be dismissed in the event of a violation of the Act. Mora, 135 F.3d at 1358. The question then is whether to dismiss the indictment with or without prejudice. The Speedy Trial Act provides guidance whether to dismiss the indictment with or without prejudice, stating in relevant part: "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2).

We have previously held that the "decision whether to dismiss with or without prejudice usually belongs to the district court in the first instance, unless the answer is so clear that remand is unnecessary." Mora, 135 F.3d at 1358; see also United States v. Pasquale, 25 F.3d 948, 952 (10th Cir. 1994). We believe that this matter is properly to be decided by the district court in the first instance.

IV

Accordingly, we **REVERSE** the district court's denial of Arnold's motion to dismiss on Speedy Trial Act grounds. We **REMAND** this cause with directions that the district judge determine whether the cause should be dismissed with or without prejudice and that the district judge should then vacate the conviction and sentence and enter the appropriate order of dismissal with or without prejudice.

The mandate shall issue forthwith.

Entered for the Court,


William J. Holloway, Jr.
Circuit Judge